UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL DEWAYNE AIKENS #21495-035,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-0284 SEC P |
| VERSUS | JUDGE DOUGHTY |
| FEDERAL BUREAU OF INVESTIGATION,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Daniel Dewayne Aikens ("Aikens"). Aikens is imprisoned at the United States Penitentiary in Atwater, California. He seeks damages from the Federal Bureau of Investigations ("FBI") for an allegedly unlawful search.

Because the FBI is entitled to immunity, the Complaint (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Aikens was convicted of multiple crimes related to homemade bombs and threats of injury and death to victims. *United States v. Aikens*, 1:20-cr-00023 (W.D. La.). His appeal is pending before the United States Court of Appeals for the Fifth Circuit. *United States v. Aikens*, 23-30196 (5th Cir.).

Aikens alleges that the FBI falsified an affidavit to obtain search warrants for his property. ECF No. 1 at 4. He seeks compensatory damages for the alleged constitutional violation.

## II. Law and Analysis

### A. Aikens's Complaint is subject to preliminary screening.

Aikens is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 8. Therefore, his Complaint is subject to preliminary screening. *See* 28 U.S.C. §§ 1915(e)(2); 1915A; *see also Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. The FBI is entitled to sovereign immunity.

Aikens sues the FBI, which is a federal agency. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Aikens has not identified any consent or waiver of sovereign immunity that would allow him to sue the FBI for damages.

Even if Aikens were allowed to amend the Complaint to name a proper Defendant, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil action seeking damages related to that

conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck*, 512 U.S. at 487.

A judgment for damages based on search warrants allegedly containing false statements would imply the invalidity of Aikens's conviction. *See Garcia v. Dallas Police Dep't*, No. 3:13–CV–1261, 2013 WL 5433510, at *2 (N.D. Tex. 2013) ("[Plaintiff's] claims for false arrest based on perjury and illegal search and seizure clearly challenge the validity of his state court convictions and are therefore barred under *Heck*"), *report and recommendation adopted* 2013 WL 5434165 (N.D. Tex. 2013); *Billiot v. Beavers*, No. 12-2946, 2013 WL 1099060, at *3 (E.D. La. 2013) (finding "claims that the evidence against [Plaintiff] was obtained based on a fraudulently procured search warrant and an illegal search and seizure . . . would necessarily imply the invalidity of a conviction based on such evidence"), *report and recommendation adopted* 2013 WL 1098080 (E.D. La. 2013); *McMillen v. Nunley*, No. 3:02-CV-2367, 2003 WL 22227863, at *2 (N.D. Tex. 2003) ("If plaintiff can prove that defendant made false statements to secure the search warrant . . . such success would necessarily call into question his conviction."), *report and recommendation adopted* 2003 WL 22469080 (N.D. Tex. 2003). Aikens's appeal is pending in the Fifth Circuit, so his conviction has not been reversed, expunged, or declared invalid. Becuase Aikens's request for damages is barred by *Heck*, amendment of the Complaint would be futile.

III. <u>Conclusion</u>

Because the FBI is entitled to sovereign immunity, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under §§ 1915A and 1915(e)(2).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 18, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE